UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA


RAOUL A. GALAN, Jr.                          CIVIL ACTION

v.                                           NO. 21-109

DEEPWATER HORIZON MEDICAL BENEFITS           SECTION "F"
SETTLEMENT CLAIMS ADMINISTRATOR, et al


ORDER & REASONS

Before the Court is defendant Graphic Village's motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction or, in the alternative, a Rule 12(e) motion for a more definite statement.  For the following reasons, the Rule 12(b)(1) motion is GRANTED without prejudice.  The Rule 12(e) motion is moot.

**Background**

Raoul Galan filed a "Petition for Damages to Plaintiff" for alleged harms relating to a data breach.  He states that he received a letter notifying him of a data breach which included the phrase "any follow up questions?"  Mr. Galan attempted to follow up and sought unspecified "clarification" from defendants. When he was unsuccessful, and with "his depression … now peeking [sic] due to this reckless tort damage," Mr. Galan filed this lawsuit.  He seeks "damages of the total sum from BP of both

1

economic and medical settlements including the four separate moratorium claims of said Plaintiff and his entities beginning April 20, 2010 to present date." It is not clear what he wants from Graphic Village.

Nearly four months after his initial filing and without demonstrating proper service, Mr. Galan filed a motion for entry of default as to defendants. The Court denied that motion for lack of service. After another four months, Graphic Village filed this motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction, or in the alternative for a more definite statement under Rule 12(e). Mr. Galan filed no response,[1] and the Court now considers Graphic Village's motion.

### Analysis

The subject matter jurisdiction of federal courts is limited. Kokkonen v. Guardina Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Indeed, "[i]t is to be presumed that a cause lies outside this limited jurisdiction," the Supreme Court has observed, "and the burden of establishing the contrary rests upon the party asserting jurisdiction." Id. (citations omitted); see also St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288 (1938) ("[t]he intent of Congress drastically to restrict federal

---

[1] Local Rule 7.5 of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed eight days prior to the noticed submission date. The noticed submission date for this motion is October 13, 2021.

jurisdiction in controversies between citizens of different states has always been rigorously enforced by the courts").

Rule 12(b)(1) requires dismissal of an action if the Court lacks jurisdiction over the subject matter of the plaintiff's claim. There are two types of Rule 12(b)(1) motions: "facial attack" and a "factual attack" on a complaint under Rule 12(b)(1). See Paterson v. Weinberger, 644 F.2d 521, 523 (5 Cir. 1981). If the defendant presents a "facial attack" under Rule 12(b)(1), the Court need only look to the sufficiency of the allegations in the complaint, presumed to be true. If, on the other hand, the defendants advance a "factual attack" on the Court's subject matter jurisdiction, both sides may submit evidence to consider. Thus, the Court may find a plausible set of facts to support subject matter jurisdiction by considering any of the following: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Barrera-Montenegro v. United States, 74 F.3d 657, 659 (5 Cir. 1996).

Seeking dismissal under Rule 12(b)(1), Graphic Village submits that the plaintiff's petition "is insufficient to establish jurisdiction and lacks any factual support for subject matter jurisdiction." The Court agrees.

3

Mr. Galan must show that the Court has subject matter jurisdiction. He has not carried his burden. In a one-page complaint entitled "petition for damages," Mr. Galan accuses defendants of "reckless tort damage" and "seeks damages of the total sum" without clarifying what that sum is or how his damages occurred. While Mr. Galan's claim could perhaps meet jurisdictional standards for diversity jurisdiction under 28 U.S.C. §1332, Mr. Galan has not shown sufficient – or any – grounds for jurisdiction. To carry his burden to prove that the Court has diversity jurisdiction, Mr. Galan must show by a preponderance of the evidence (1) that complete diversity of citizenship between the parties, and (2) that the amount in controversy exceeds $75,000, exclusive of interest and costs. Garcia v. Koch Oil Co. of Texas Inc., 351 F.3d 636, 638 (5 Cir. 2003) (citing 28 U.S.C. § 1332). Mr. Galan has made no showing to this effect.

Additionally, Mr. Galan cites no federal law by which he may be able to remain in this Court; he in fact cites no law at all. As Mr. Galan has not upheld his burden of showing jurisdiction, Graphic Village's motion to dismiss shall be granted. Considering the difficulties of proceeding *pro se* and the suggestion in Rule 15(a)(2) that "[t]he court should freely give leave [to amend pleadings] when justice so requires," the Court will grant this motion without prejudice.

## Conclusion

4

Accordingly, for the foregoing reasons, IT IS ORDERED: Because Mr. Galan has not shown subject matter jurisdiction in this Court, Graphic Village's motion to dismiss shall be GRANTED without prejudice to the plaintiffs' opportunity to amend his deficient complaint if he can in good faith do so.  Any amended complaint must be filed within 14 days, or Graphic Village's Rule 12(b)(1) motion to dismiss shall be GRANTED.

New Orleans, Louisiana, October 13, 2021

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE