UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RAOUL A. GALAN, JR.                            CIVIL ACTION

VERSUS                                          NO. 21-109

DEEPWATER HORIZON MEDICAL            SECTION: "J"(4)
BENEFITS SETTLEMENT CLAIMS
ADMINISTRATOR, ET AL.

## ORDER

Raoul Galan filed a "Petition of Damages to Plaintiff" for alleged harms relating to a data breach, naming the Deepwater Horizon Medical Benefits Settlement Claims Administrator and Graphic Village as Defendants. He states that he received a letter notifying him of a data breach which included the phrase "any follow up questions?" Mr. Galan attempted to follow up and sought unspecified "clarification" from defendants. When he was unsuccessful, and with "his depression. . . now peeking [sic] due to this reckless tort damage," Mr. Galan filed this lawsuit. He seeks "damages of the total sum from BP of both economic and medical settlements including the four separate moratorium claims of said Plaintiff and his entities beginning April 20, 2010 to present date."

The Court granted Defendant Graphic Villiage's motion to dismiss, and provided Plaintiff opportunity to amend his deficient complaint. His proposed amendment did not cure the deficiencies, and the Court denied leave to amend.

A district court may dismiss *sua sponte* a complaint for failure to state a claim as long as the procedure employed is fair. *Anokwuru v. City of Houston*, 990 F.3d 956, 967 (5th Cir. 2021) (internal quotation marks and citation omitted). Fairness

generally requires an opportunity to respond, unless the claim is patently frivolous. *Century Sur. Co. v. Blevins*, 799 F.3d 366, 372 (5th Cir. 2015) (citing *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986)). A complaint is frivolous "if it lacks an arguable basis in law or fact." *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994). In determining whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Mr. Galan claims that Defendants' failure to clarify a letter he received resulted in tort damages to him. These claims have no arguable basis in law or fact. Therefore, the Court finds the claims to be patently frivolous. This procedure is fair, and Plaintiff need not be provided additional opportunity to respond, because Plaintiff has previously been informed of the deficiencies in his complaint.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's complaint is **DISMISSED with prejudice.**

New Orleans, Louisiana, this 22nd day of May, 2023.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE